# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY CHINEA AND JULIO CHINEA, as Parents and Natural Guardians of S.C., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>WOODWARD CAMP, INC. d/b/a WOODWARD GYMNASTICS CAMP a/k/a WOODWARD U; POWDR – WOODWARD PA, LLC d/b/a WOODWARD CAMP; POWDR – WOODWARD CAMPS, LLC; POWDR- WOODWARD HOLDINGS, LLC; WOODWARD CAMP PROPERTIES, INC.; THE WOODWARD FOUNDATION; SPORTS MANAGEMENT GROUP, INC. d/b/a WOODWARD GYMNASTICS CAMP; and NATHANIEL SINGER,<br><br>Defendants. | Civil Action No.<br><br>*(Removed from the Court of Common Pleas of Centre County, Pennsylvania at Docket No. 2021-3086)*<br><br>*Electronically Filed*<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**:

**PLEASE TAKE NOTICE** that Removing Defendant POWDR – Woodward PA, LLC[1] ("Removing Defendant") hereby removes the above-captioned action

---

[1] On July 28, 2021, POWDR – Woodward PA, LLC officially changed its name to Woodward Pennsylvania, LLC.

commenced in the Court of Common Pleas of Centre County, Pennsylvania, at Docket No. 2021-3086, to this Honorable Court pursuant to 28 U.S.C. §§ 1332 (Diversity of Citizenship), 1441 (Removal of Civil Actions), and 1446 (Procedure for Removal of Civil Actions), on the basis of the facts set forth below:

## PROCEEDINGS TO DATE

1.   On December 21, 2021, Plaintiffs commenced this action by filing a Complaint bearing the above caption.  A true and correct copy of the Complaint is attached to this Notice as **Exhibit A** and is incorporated by reference herein.

2.   The Complaint names eight defendants: (1) Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U; (2) POWDR – Woodward PA, LLC (Removing Defendant); (3) POWDR – Woodward Camps, LLC; (4) POWDR – Woodward Holdings, LLC; (5) Woodward Camp Properties, Inc.; (6) The Woodward Foundation; (7) Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp; and (8) Nathaniel Singer.

3.   On January 6, 2022, Plaintiff attempted service of the Complaint on all defendants other than Mr. Singer by delivering it to an employee of Removing Defendant at Removing Defendant's facility in Woodward, Pennsylvania.  A true and correct copy of the Sheriff's Return of Service is attached to this Notice as **Exhibit B** and is incorporated by reference herein.

4.      Removing Defendant is an entirely separate entity from the other named defendants in this matter, and, therefore, Plaintiff's attempt to serve any defendant (other than Removing Defendant) by delivering a copy to an employee of Removing Defendant is improper and invalid.

5.      Plaintiff has not filed a proof of service as to defendant Nathaniel Singer.  According to counsel for Mr. Singer, Mr. Singer has not been served in this matter.

6.      Since Removing Defendant is the only defendant properly served in this matter, consent for removal is not needed from the remaining defendants.  *See Page v. City of Philadelphia*, 2008 U.S. Dist. LEXIS 86675 at *5-6 (E.D. Pa. Oct. 21, 2008) ("defendants who have not been properly served with the initial pleading pursuant to 28 U.S.C. § 1446(b) at the time of the notice of removal is filed are not required to join in the notice of removal or otherwise consent to removal.")

7.      Consent for removal also is not required by nominal parties that are fraudulently joined.  *Id.* at 6 n. 1 (quoting *Balazik v. County of Dauphin*, 44 F.2d 209, 213 (3d Cir. 1995)).  As discussed in more detail below: (1)  Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U, (2) POWDR – Woodward Camps, LLC, (3) POWDR – Woodward Holdings, LLC, (4) Woodward Camp Properties, Inc., (5) The Woodward Foundation, and (6) Sports Management

Group, Inc. d/b/a Woodward Gymnastics Camp are nominal parties that have been fraudulently joined in this matter.

8. Even though consent is not required from parties that are (i) improperly served or (ii) nominal parties that have been fraudulently joined, Removing Defendant has nonetheless received consent for removal from (1) POWDR – Woodward Camps, LLC, and (2) POWDR – Woodward Holdings, LLC. A true and correct copy of the consents for removal are attached to this Notice as **Exhibit C** and are incorporated by reference herein.

## GROUNDS FOR REMOVAL

**Diversity of Citizenship**

9. Complete diversity of citizenship exists in this case because: (i) Plaintiffs are Illinois residents, (ii) Removing Defendant (the only properly joined defendant other than Mr. Singer) is a citizen for diversity purposes of the states of Delaware and Utah; and (iii) Nathaniel Singer is a citizen of the Commonwealth of Massachusetts.

10. As noted above and as discussed in more detail below, the remaining named defendants: (1) Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U, (2) POWDR – Woodward Camps, LLC, (3) POWDR – Woodward Holdings, LLC, (4) Woodward Camp Properties, Inc., (5) The Woodward Foundation, and (6) Sports Management Group, Inc. d/b/a Woodward

Gymnastics Camp are not proper parties to this action. None of these parties have any relationship to the allegations in the Complaint. Each is unaffiliated with the Removing Defendant. And at all relevant times, each of these entities had been entirely dormant, with no operations, assets, revenue, or employees.

11. Plaintiffs, Kelly Chinea and Julio Chinea, who brought this Complaint as parents and natural guardians of their minor child "S.C.", are residents of the state of Illinois. *See* Compl. at ¶ 2. Accordingly, Plaintiffs are citizens of the State of Illinois for diversity jurisdiction purposes.

12. Defendant Nathanial Singer is a citizen of the Commonwealth of Massachusetts. *See* Compl. at ¶ 12. Accordingly, defendant Singer is a citizen of the Commonwealth of Massachusetts for diversity jurisdiction purposes.

13. Other than Plaintiffs and Mr. Singer, Removing Defendant is the only true party in interest in this matter, as the allegations contained in the Complaint relate solely to a camp facility that is entirely owned and operated by Removing Defendant.

14. The Third Circuit has explained that, for purposes of diversity jurisdiction, limited liability companies "should be treated as a partnership for purposes of establishing citizenship." *See Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010).

15. As with partnerships, the citizenship of a limited liability company is determined by the citizenship of its partners or members. *Id.; see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337 (3d Cir. 2013) ("because unincorporated entities are not considered 'citizens' in their own right, 'diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of … each of its members.") (internal citations omitted). "In other words, because such an entity is not recognized as a legal person, courts should look to the citizenship of the people or corporations who comprise it to determine if diversity jurisdiction exists." *Johnson*, 724 F.3d at 348. As such, "[t]he principal place of business of an unincorporated entity is therefore irrelevant to determining its citizenship." *Id.*

16. When a limited liability company's members are comprised of other limited liability companies, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Zambelli* 592 F.3d at 420 (internal quotation and citation omitted).

17. As an unincorporated entity, the principal place of business of Removing Defendant is irrelevant to determining its citizenship for diversity jurisdiction purposes. *Johnson*, 724 F.3d at 348.

18. Applying this analysis, the citizenship of Removing Defendant, which is a limited liability company, is determined by looking to the citizenship of its

6

partners or members and tracing through the layers of companies above it, as necessary.

19. Removing Defendant is a Delaware LLC. Its sole member is Woodward Holdings, LLC – also a Delaware LLC. *See* Declaration of Morgan Williams, a true and accurate copy of which is attached here to as **Exhibit D**, at ¶ 2.

20. Woodward Holdings, LLC's sole member is POWDR Corp. -- a Delaware corporation, with its principal place of business at 1794 Olympic Parkway, Suite 210, Park City, Utah, 84098. *See* **Exhibit D**, at ¶ 3.

21. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ." As such, POWDR Corp. is a citizen of the states of Delaware and Utah for diversity jurisdiction purposes.

22. Since the citizenship of Removing Defendant is derived from that of POWDR Corp., it is a citizen of Delaware and Utah for diversity jurisdiction purposes.

23. The remaining defendants (other than Mr. Singer) all are nominal parties that have been fraudulently joined in an attempt to defeat diversity of citizenship.

24. The remaining defendants (other than Mr. Singer) have absolutely no connection to the controversy in determining whether the requirements of diversity

jurisdiction are satisfied. Therefore, their citizenship must be disregarded. *See Balazik*, 44 F.2d at 214 n.4.

25. Fraudulent joinder is "an exception to the requirement that removal be predicated solely upon complete diversity." *Korsun v. Progressive Northern Ins. Co.*, 2006 U.S. Dist. LEXIS 79411 (M.D. Pa. Oct. 31, 2006) (quoting *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006)).

26. The Court is permitted to look beyond the pleading's allegations to determine whether a defendant has been fraudulently joined. The Court is permitted, therefore, to examine evidence outside the four corners of the Complaint to determine citizenship.

27. On July 1, 2011, POWDR – Woodward PA LLC entered into a Purchase and Sale Agreement in which it purchased the assets of several entities known as the "Woodward Entities." The assets purchased by POWDR - Woodward PA LLC included the camp facility that is the subject of all allegations contained in the Complaint. Accordingly, since July 1, 2011 -- six years <u>before</u> minor plaintiff ever attended the camp -- the camp facility at issue in the Complaint has been entirely owned and operated solely by Removing Defendant. *See* **Exhibit D**, at ¶ 4.

28. Upon information and belief, Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U appears to be a Pennsylvania Corporation. Upon information and belief, Woodward Gymnastics Camp and

8

Woodward U are fictitious names, owned by Woodward Camp Inc. Woodward Camp Inc., however, has no affiliation whatsoever with Removing Defendant, the camp facility at issue in this matter or any of the facts alleged in the Complaint. Upon information and belief, this entity has, since July 1, 2011, been entirely dormant. As such, Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U is a nominal defendant that has been fraudulently joined in this matter and should not be considered for diversity jurisdiction purposes. *See* **Exhibit D**, at ¶ 5.

29. POWDR – Woodward Camps, LLC is a Delaware limited liability company that is dormant. The entity has no assets, no operations, no revenue, and no employees. This entity has no affiliation with the camp facility at issue in this matter or any of the facts alleged in the Complaint. As such, POWDR – Woodward Camps, LLC is a nominal defendant that has been fraudulently joined in this matter and it should not be considered for diversity jurisdiction purposes. And even if it were considered for diversity jurisdiction purposes, as a Delaware limited liability company, its citizenship for diversity jurisdiction purposes is derived from the citizenship of its member(s). In this case, its sole member is Woodward Pennsylvania, LLC and, therefore, like Removing Defendant, its citizenship for diversity jurisdiction purposes is Delaware and Utah. *See* **Exhibit D**, at ¶ 6.

30. POWDR – Woodward Holdings, LLC is a Delaware limited liability company that is dormant. The entity has no assets, no operations, no revenue, and no employees. This entity has no affiliation with the camp facility at issue in this matter or any of the facts alleged in the Complaint. As such, POWDR – Woodward Holdings, LLC is a nominal defendant that has been fraudulently joined in this matter and it should not be considered for diversity jurisdiction purposes. And even if it were considered for diversity jurisdiction purposes, as a Delaware limited liability company, its citizenship for diversity jurisdiction purposes is derived from the citizenship of its member(s) and, therefore, like Removing Defendant, its citizenship for diversity jurisdiction purposes is Delaware and Utah. *See* **Exhibit D**, at ¶ 7.

31. Upon information and belief, Woodward Camp Properties, Inc. appears to be a Pennsylvania Corporation. This entity, however, has no affiliation whatsoever with Removing Defendant, the camp facility at issue in this matter or any of the facts alleged in the Complaint. Upon information and belief, this entity has, since July 1, 2011, been entirely dormant. As such, Woodward Camp Properties, Inc. is a nominal defendant that has been fraudulently joined in this matter and it should not be considered for diversity jurisdiction purposes. *See* **Exhibit D**, at ¶ 8.

32. Upon information and belief, the Woodward Foundation appears to be a Pennsylvania non-profit. This entity, however, has no affiliation whatsoever with Removing Defendant, the camp facility at issue in this matter or any of the facts alleged in the Complaint. Upon information and belief, this entity has, since July 1, 2011, been entirely dormant. As such, the Woodward Foundation is a nominal defendant that has been fraudulently joined in this matter and it should not be considered for diversity jurisdiction purposes. *See* **Exhibit D**, at ¶ 9.

33. Upon information and belief, Sports Management Group, Inc. appears to be a Pennsylvania Corporation. This entity, however, has no affiliation whatsoever with Removing Defendant, the camp facility at issue in this matter or any of the facts alleged in the Complaint. Upon information and belief, this entity has, since July 1, 2011, been entirely dormant. As such, Sports Management Group, Inc. is a nominal defendant that has been fraudulently joined in this matter and it should not be considered for diversity jurisdiction purposes. *See* **Exhibit D**, at ¶ 10.

34. Upon information and belief, Woodward Gymnastics Camp does not appear to be a d/b/a of Sports Management Group, Inc., as alleged. In any event, this entity also has no affiliation with Removing Defendant, or the facts alleged in the Complaint, and as such, is a nominal defendant that has been fraudulently joined in this matter and it should not be considered for diversity jurisdiction purposes. *See* **Exhibit D**, at ¶ 11.

35. As stated by the Third Circuit: "If the district court determine[s] that joinder [is] fraudulent . . . the court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Briscoe*, 448 F.3d at 216 (internal quotations omitted).

36. As such, the citizenships of: (1) Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U, (2) POWDR – Woodward Camps, LLC, (3) POWDR – Woodward Holdings, LLC, (4) Woodward Camp Properties, Inc., (5) The Woodward Foundation, and (6) Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp cannot be used to defeat removal under 28 U.S.C. § 1441(b) because these Defendants are not "parties in interest", and were fraudulently joined in this matter. *Conrad Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185 (1907).

**Amount in Controversy**

37. Plaintiffs have acted in bad faith by failing to disclose the actual amount in controversy. *See Hubbard v. Diaz*, 2016 U.S. Dist. LEXIS 183279, at *4-5 (D.N.J. Dec. 2, 2016) (citing *Bader v. Schmidt Baking Co.*, 2014 U.S. Dist. LEXIS 3171, at *4 (D.N.J. Jan. 10, 2014)) ("bad faith will be deemed where the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal"); *Bernal-Diaz v. MXD Group, Inc.*, 2018 U.S. Dist. LEXIS 108247, at *5 n.3 (D.N.J.

May 21, 2018) (concluding that removal was not untimely, due to the fact that Complaint "provide[d] scant specific information to reliably determine the amount in controversy.")

38. While it is true that when a plaintiff "'has not specifically averred' in her complaint that the amount in controversy is less than the jurisdiction minimum, a case may only be remanded 'if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." Plaintiffs here are unable to prove with a "legal certainty" that the amount in controversy "could not exceed the statutory threshold." *Frederico v. Home Depot*, 507 F.3d 188, 195-97 (3d Cir. 2007).

39. The Court's determination of the amount in controversy is not measured "by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). In applying the "legal certainty" test to assess the amount in controversy requirement, the Third Circuit has stated that "dismissal is appropriate only if the federal court is certain that the jurisdiction amount cannot be met." *See Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995).

40. Courts within the United States Court of Appeals for the Third Circuit have held that "most removed personal injury cases will likely remain in federal court even if they involve a very minor injury – unless the plaintiff limits her

13

damages below the jurisdictional limit." *Briggs v. Target Corp.*, 2015 U.S. Dist. LEXIS 30796 (D.N.J. Mar. 13, 2015) (quotations omitted).

41. "'Severe and permanent' injuries will be removable absent proof to a 'legal certainty' that the amount in controversy cannot exceed $75,000." *Shore Options Inc. v. Great Am. Ins. Grp.*, 2020 U.S. Dist. LEXIS 172263 (D.N.J. Sept. 21, 2020) (citing *Briggs*, 2015 U.S. Dist. LEXIS 30796 at *4).

42. In *Briggs*, the court noted that (1) it "generally [will] not remand a personal injury claim in the absence of a waiver by Plaintiff capping damages at $75,000"; and (2) "allegations of serious injuries in addition to pain and suffering indicate that the amount in controversy exceeds $75,000." 2015 U.S. Dist. LEXIS 30796 (quotations omitted).

43. Plaintiffs allege "severe and permanent" injuries. *See* Compl. at ¶ 48a-n.

44. Plaintiffs here have not limited their alleged damages to an amount below the jurisdictional limit. In fact, Plaintiffs state that they are demanding damages, "in an amount in excess of the prevailing arbitration limits[.]" *See* Compl.

45. Further, Plaintiffs have not capped their damages at $75,000.

46. Therefore, it appears that Plaintiffs will claim damages well in excess of the $75,000 statutory jurisdictional amount.

## VENUE

47. Plaintiffs filed the Complaint in the Court of Common Pleas, Centre County, which is within this federal judicial district. The Middle District of Pennsylvania is therefore the proper court for removal under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a).

## TIMELINESS

48. Removing Defendant was served with the Complaint on January 6, 2022.

49. As of this date, January 25, 2022, Removing Defendant has not filed any responsive pleadings.

50. This removal is being made within the 30-day time period following receipt of the Complaint. *See* 28 U.S.C. § 1446(b) ("[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

51. Accordingly, this notice of removal is timely.

## NOTICE

52. Removing Defendant will give written notice of the filing of this Notice of Removal to Plaintiffs' counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Notice of Removal, in the form

attached hereto as **Exhibit E** will be filed with the prothonotary and clerk of the Court of Common Pleas, Centre County.

53. All pleadings pending in the Court of Common Pleas, Centre County, for this matter at the time of removal, have been appended to this Notice as **Exhibit A**.

54. By filing of this Notice of Removal, Removing Defendant does not waive any defenses or rights that may be available to it.

## CONCLUSION

55. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(c).

56. Based on the foregoing, Removing Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

Dated: January 25, 2022  
Philadelphia, PA

By: s/ John C. Romeo  
John C. Romeo (PA 77691)  
Alan R. Gries (PA 73378)  
Arielle E. Katz (PA 316111)  
**GIBBONS P.C.**  
One Logan Square, Suite 1210  
Philadelphia, PA 19103  
jromeo@gibbonslaw.com  
agries@gibbinslaw.com  
akatz@gibbonslaw.com  
Tel: (215) 665-0400  
Fax: (215) 636-0366  
*Attorneys for Defendant POWDR - Woodward PA, LLC*