# EXHIBIT A

```
                    Centre County Prothonotary
                    102 South Allegheny Street
                      Bellefonte, PA  16823
                        (814) 355-6796

Page Number:       1            GENERAL          Filed........ 12-21-2021
Case Number: 21-3086          CIVIL ACTION                         11:59
                                                 Sat/Dis/Gntd..
--------------------------------------------------------------------------
--------------------------------------------------------------------------
                              Litigants
--------------------------------------------------------------------------
Plaintiff(s)                        Lawyer(s) for the Plaintiff(s)
------------                        ------------------------------
  CHINEA, KELLY                       KLINE, THOMAS R.
  C/O KLINE & SPECTER, PC             KLINE & SPECTER, P.C.
  1525 LOCUST STREET 19TH FLOOR       1525 LOCUST STREET 19TH FLOOR
  PHILADELPHIA, PA 19102              PHILADELPHIA, PA 19102

  CHINEA, JULIO                       INSCHO, DAVID K.
  C/O KLINE & SPECTER, PC             KLINE & SPECTER, P.C.
  1525 LOCUST STREET 19TH FLOOR       1525 LOCUST STREET 19TH FLOOR
  PHILADELPHIA, PA 19102              PHILADELPHIA, PA 19102

  S.C., MINOR                         DONNELLY, LORRAINE H.
                                      KLINE & SPECTER, P.C.
                                      1525 LOCUST STREET 19TH FLOOR
                                      PHILADELPHIA, PA 19102


Defendant(s)                        Lawyer(s) for the Defendant(s)
------------                        ------------------------------
  WOODWARD CAMP, INC.
  D/B/A WOODWARD GYMASTICS CAMP
  A/K/A WOODWARD U
  134 SPORTS CAMP DRIVE
  WOODWARD, PA 16866

  WOODWARD GYMNASTICS CAMP
  134 SPORTS CAMP DRIVE
  WOODWARD, PA 16866

  WOODWARD U
  134 SPORTS CAMP DRIVE
  134 SPORTS CAMP DRIVE
  WOODWARD, PA 16866

  POWDR-WOODWARD PA, LLC
  D/B/A WOODWARD CAMP
  134 SPORTS CAMP DRIVE
  WOODWARD, PA 16866

  POWDR- WOODWARD CAMPS, LLC
  134 SPORTS CAMP DRIVE
  WOODWARD, PA 16866

  POWDR- WOODWARD HOLDINGS, LLC
  134 SPORTS CAMP DRIVE
  WOODWARD, PA 16866

  WOOWARD CAMP PROPERTIES, INC.
  134 SPORTS CAMP DRIVE
  WOODWARD, PA 16866

  WOODWARD FOUNDATION
  134 SPORTS CAMP DRIVE
```

```
                        Centre County Prothonotary
                        102 South Allegheny Street
                          Bellefonte, PA  16823
                             (814) 355-6796

Page Number:        2              GENERAL          Filed........ 12-21-2021
Case Number: 21-3086           CIVIL ACTION                          11:59
                                                   Sat/Dis/Gntd..
------------------------------------------------------------------------------
  WOODWARD, PA 16866

  SPORTS MANAGEMENT GROUP, INC.
  D/B/A WOODWARD GYMNASTICS CAMP
  134 SPORTS CAMP DRIVE
  WOODWARD, PA 16866

  SINGER, NATHANIEL
  89 PLYMPTON STREET APT. 8
  MIDDLEBORO, MA 02346-2628
------------------------------------------------------------------------------
                              Proceedings
------------------------------------------------------------------------------
12-21-2021       CIVIL ACTION COMPLAINT AND JURY DEMAND WITH NOTICE TO DEFEND
                 FILED. (GAVE COPY TO SHERIFF FOR SERVICE AND SENT COPY TO COURT
                 ADMIN 12/23/2021)
01-05-2022       BY PAPER FILED, LORRANIE H. DONNELLY, ESQ. ENTERS HER
                 APPEARANCE AS CO-COUNSEL ON BEHALF OF PLAINTIFFS KELLY CHINEA
                 AND JULIO CHINEA. (SENT COPY TO COURT ADMIN 1/7/2022)
01-10-2022       SHERIFF'S RETURN WITH CERTIFICATE OF COMPLIANCE, FILED.
01-18-2022       BY PAPER FILED, COMPLAINT IN THE ABOVE CAPTIONED MATTER IS
                 REINSTATED. (MAILED REINSTATED COMPLAINT TO ATTY. DONNELLY
                 1/20/2022)
------------------------------------------------------------------------------
                                 Fees
------------------------------------------------------------------------------
     SHERIFF                             212.90pd 01-06-2022
                                         ==========
                                           212.90

=========================== End of case print-out ============================
```

**Supreme Court of Pennsylvania**

**Court of Common Pleas**

**Civil Cover Sheet**

Centre _____ County

Docket No: 2021-3086

||||||| 00011MF0   CCGPRO 2020.10

FILED FOR RECORD
FILED BY EMAIL

2021 DEC 2 AM 11: 59

PROTHONOTARY
CENTRE COUNTY, PA

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:**
Kelly Chinea and Julio Chinea

**Lead Defendant's Name:**
Woodward Camp, Inc., et al.

**Are money damages requested?** [x] Yes [ ] No

**Dollar Amount Requested:**
(check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [x] No

**Is this an *MDJ Appeal*?** [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: Thomas R. Kline, Esquire

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [x] Other:
  sexual assault

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

**KLINE & SPECTER, P.C.**
BY: Thomas R. Kline, PA ID# 28895
     David K. Inscho, PA ID# 90267
     Lorraine H. Donnelly, PA ID# 93352
1525 Locust Street, Nineteenth Floor
Philadelphia, PA 19102
(215) 772-1000
*Attorneys for Plaintiffs*

FILED FOR RECORD
~~BY EMAIL~~

2021 DEC 21  A 11: 59

~~Jessica~~
PROTHONOTARY
CENTRE COUNTY, PA

## IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA

KELLY CHINEA AND JULIO CHINEA, as
Parents and Natural Guardians of S.C., a minor,

     *Plaintiffs,*

     v.

WOODWARD CAMP, INC. d/b/a WOODWARD
GYMNASTICS CAMP a/k/a WOODWARD U;
POWDR – WOODWARD PA, LLC; POWDR –
WOODWARD CAMPS, LLC; POWDR –
WOODWARD HOLDINGS, LLC;
WOODWARD CAMP PROPERTIES, INC.;
THE WOODWARD FOUNDATION; SPORTS
MANAGEMENT GROUP, INC. d/b/a
WOODWARD GYMNASTICS CAMP;
NATHANIEL SINGER

     *Defendants.*

CIVIL DIVISION

NO.: 2021-3086

**NOTICE TO DEFEND AND
COMPLAINT IN CIVIL ACTION**

**JURY TRIAL DEMANDED**

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

<u>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT
HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND
OUT WHERE YOU CAN GET LEGAL HELP.</u>

Centre County Court Administrator's Office
102 South Allegheny Street
Bellefonte, PA  16823
(814) 355-6727

## <u>ADVISO</u>

Le han demandado a used en la corte.  Si usted quiere defenderse de estas demandas expuestas
en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda
y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y
entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su
persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la
demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte pueda decidir a favor
del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted
puede perder dinero o sus propiedades u otros derechos importantes para usted.

<u>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE
ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO,
VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE
ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR
ASISTENCIA LEGAL.</u>

Centre County Court Administrator's Office
102 South Allegheny Street
Bellefonte, PA  16823
(814) 355-6727

**KLINE & SPECTER, P.C.**
BY: Thomas R. Kline, PA ID# 28895
      David K. Inscho, PA ID# 90267
      Lorraine H. Donnelly, PA ID# 93352
1525 Locust Street, Nineteenth Floor
Philadelphia, PA 19102
(215) 772-1000
*Attorneys for Plaintiffs*



FILED FOR RECORD

2021 DEC 21  P 12: 00

PROTHONOTARY
CENTRE COUNTY, PA

## IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA

KELLY CHINEA AND JULIO CHINEA, as
Parents and Natural Guardians of S.C., a minor,
c/o Kline & Specter, PC
1525 Locust Street, 19th Floor
Philadelphia, PA  19102

        *Plaintiffs*,

        v.

WOODWARD CAMP, INC.
d/b/a WOODWARD GYMNASTICS CAMP
a/k/a WOODWARD U
134 Sports Camp Drive
Woodward, PA 16886
    and
POWDR – WOODWARD PA, LLC
d/b/a WOODWARD CAMP
134 Sports Camp Drive
Woodward, PA 16886
    and
POWDR – WOODWARD CAMPS, LLC
134 Sports Camp Drive
Woodward, PA 16886
    and
POWDR – WOODWARD HOLDINGS, LLC
134 Sports Camp Drive
Woodward, PA 16886
    and
WOODWARD CAMP PROPERTIES, INC.
134 Sports Camp Drive
Woodward, PA 16886
    and

CIVIL DIVISION

NO.: 2021-3086

**NOTICE TO DEFEND AND
COMPLAINT IN CIVIL ACTION**

**JURY TRIAL DEMANDED**

1

THE WOODWARD FOUNDATION
134 Sports Camp Drive
Woodward, PA 16886
    and
SPORTS MANAGEMENT GROUP, INC. d/b/a
WOODWARD GYMNASTICS CAMP
134 Sports Camp Drive
Woodward, PA 16886
    and
NATHANIEL SINGER
89 PLYMPTON STREET, APT. 8
MIDDLEBORO, MA 02346-2628
         *Defendants.*

---

### CIVIL ACTION COMPLAINT AND JURY DEMAND

    Plaintiffs, Kelly Chinea and Julio Chinea, as Parents and Natural Guardians of S.C., a minor, by and through his undersigned counsel, Kline & Specter, hereby files this Complaint, and complains of the above captioned Defendants as follows:

    1.    This Complaint arises from the sexual assault of minor Plaintiff S.C. while at Woodward Gymnastics Camp by then coach Nathaniel Singer, who was placed in a position of power and authority over minor Plaintiff S.C. by the co-Defendants, collectively referred to as "Woodward Camp Defendants."

### PARTIES AND VENUE

    2.    Plaintiffs Kelly Chinea and Julio Chinea, are Parents and Natural Guardians of S.C., a minor, and residents of the city of Westmont, in DuPage County in Illinois.

    3.    Minor Plaintiff's full name is not contained in this pleading to protect her privacy since she is a minor and the victim of a sexual assault, and done in good faith to avoid additional embarrassment and psychological harm. Minor Plaintiff's identity is being made known to Defendants by separate communication.

4.     Defendant, Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U, is a corporation and/or business entity organized under the laws of Pennsylvania with a principal place of business at 134 Sports Camp Drive, Woodward, PA 16886, which at all relevant times was in the business of operating, managing, marketing, and/or overseeing a global sports company that boasts state of the art facilities and programs to many of the world's top action sports and gymnastics athletes, including current and future Olympians, with multiple locations throughout the United States, Mexico and China, including a gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886.

5.     Defendant, Powdr – Woodward PA, LLC  d/b/a Woodward Camp, is a corporation and/or business entity organized under the laws of Delaware with a principal place of business at 134 Sports Camp Drive, Woodward, PA 16886, which at all relevant times was in the business of operating, managing, marketing, and/or overseeing a global sports company that boasts state of the art facilities and programs to many of the world's top action sports and gymnastics athletes, including current and future Olympians, with multiple locations throughout the United States, Mexico and China, including a gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886.

6.     Defendant, Powdr – Woodward Camps, LLC, is a corporation and/or business entity organized under the laws of Delaware with a principal place of business at 134 Sports Camp Drive, Woodward, PA 16886, which at all relevant times was in the business of operating, managing, marketing, and/or overseeing a global sports company that boasts state of the art facilities and programs to many of the world's top action sports and gymnastics athletes, including current and future Olympians, with multiple locations throughout the United States,

3

Mexico and China, including a gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886.

7.     Defendant, Powdr – Woodward Holdings, LLC, is a corporation and/or business entity organized under the laws of Delaware with a principal place of business at 134 Sports Camp Drive, Woodward, PA 16886, which at all relevant times was in the business of operating, managing, marketing, and/or overseeing a global sports company that boasts state of the art facilities and programs to many of the world's top action sports and gymnastics athletes, including current and future Olympians, with multiple locations throughout the United States, Mexico and China, including a gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886.

8.     Defendant, Woodward Camp Properties, Inc., is a corporation and/or business entity organized under the laws of Pennsylvania with a principal place of business at 134 Sports Camp Drive, Woodward, PA 16886, which at all relevant times was in the business of operating, managing, marketing, and/or overseeing a global sports company that boasts state of the art facilities and programs to many of the world's top action sports and gymnastics athletes, including current and future Olympians, with multiple locations throughout the United States, Mexico and China, including a gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886.

9.     Defendant, The Woodward Foundation, is a corporation and/or business entity organized under the laws of Pennsylvania with a principal place of business at 134 Sports Camp Drive, Woodward, PA 16886, which at all relevant times was in the business of operating, managing, marketing, and/or overseeing a global sports company that boasts state of the art facilities and programs to many of the world's top action sports and gymnastics athletes,

including current and future Olympians, with multiple locations throughout the United States, Mexico and China, including a gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886.

10.     Defendant, Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp is a corporation and/or business entity organized under the laws of Pennsylvania with a principal place of business at 134 Sports Camp Drive, Woodward, PA 16886, which at all relevant times was in the business of operating, managing, marketing, and/or overseeing a global sports company that boasts state of the art facilities and programs to many of the world's top action sports and gymnastics athletes, including current and future Olympians, with multiple locations throughout the United States, Mexico and China, including a gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886.

11.     At all relevant times hereto, Defendants, Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U; Powdr – Woodward Pa, LLC; Powdr – Woodward Camps, LLC; Powdr – Woodward Holdings, LLC; Woodward Camp Properties, Inc.; The Woodward Foundation; Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp (hereinafter "Woodward Camp Defendants") individually,  collectively, and/or through joint venture owned, operated, managed, marketed, and controlled a global sports company that boasts state of the art facilities and programs to many of the world's top action sports and gymnastics athletes, including current and future Olympians, with multiple locations throughout the United States, Mexico and China, including a gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886.

12.     Defendant, Nathaniel Singer, is an adult individual residing at 89 Plympton Street, Apt. 8 Middleboro, MA  02346-2628.

5

13.     At all relevant times herein, Defendant Nathaniel Singer was a gymnastics coach at Woodward Camp Defendants' gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886 and employed by the Woodward Camp Defendants.

14.     At all times relevant hereto, the Woodward Camp Defendants were acting by and through its officers, employees, servants, and agents including Matt Lea, Brittany Schulman, and Elizabeth Price, in the operation of the gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886 and the hiring, admitting, assigning, retaining, and supervising of employees, agents, servants, and coaches, including Defendant Nathaniel Singer.

15.     Accordingly, the Woodward Camp Defendants are not only directly liable for their own negligence, but also liable for the negligent acts and omissions of their employees, servants, agents, and coaches while engaged in the operation of the Woodward Gymnastics Camp, including Defendant Nathanial Singer, Matt Lea, Brittany Schulman, and Elizabeth Price, under theories of respondeat superior, master-servant, agency, and/or vicarious liability.

16.     Defendants are jointly and severally liable to Plaintiffs.

17.     Venue is properly laid in the Centre County, Pennsylvania pursuant to Pa.R.C.P. 1006 & 2156, as the cause of action arose in said county and Defendants' principal place of business and in which it regularly conducts business are in Centre County, Pennsylvania.

## FACTS GIVING RISE TO THE ACTION

18.     The previous paragraphs are incorporated herein by reference.

19.     The Woodward Camp Defendants offered an overnight, twelve week summer gymnastics camp located at 134 Sports Camp Drive, Woodward, PA 16886 (hereinafter

6

"Woodward Gymnastics Camp"), and promised skilled instructors and coaches who were "the best in the country" who "meet our high standards" and also promised instruction from special guest Olympians.

20.     The Woodward Camp Defendants also marketed that they put "safety first" at their gymnastics camp and recommended at least a two week stay at their facility that offered room and board.

21.     The Woodward Camp Defendants described their typical day at the Woodward Gymnastics overnight camp to include instruction and activities intermixed with dining and recreational activities all from 7:30am until 10pm.

22.     S.C. attended the Woodward Gymnastics Camp for week nine (9) of the 2017 summer camp without incident.

23.     S.C. attended the Woodward Gymnastics Camp for weeks nine (9) and ten (10) in the summer of 2018.  She was thirteen (13) years old that summer.

24.     One of the gymnastics coaches during the Woodward Gymnastics summer camp in 2018 was Defendant Nathaniel Singer, who upon information and belief was twenty-two (22) years old at the time. He also worked as a disc-jockey (DJ) at the camp.

25.     During week 10 of the 2018 summer camp, Saturday August 4, 2018 through Saturday August 11, 2018, Defendant Nathanial Singer began grooming S.C. by improperly touching her buttocks while spotting her during gymnastics activities.

26.     During the same week, Defendant Nathanial Singer progressed to slipping his finger into S.C.'s leotard and into her vagina while he spotted her on the bars and during a bar drill.

27.     S.C. did not report Defendant Nathanial Singer to anyone because she was scared.

7

28.     In the summer of 2019, S.C. returned to Woodward Gymnastics Camp for week nine (9) of the twelve week program, and Defendant Nathanial Singer was again one of the gymnastics coaches and DJ's. S.C. was fourteen years old at that time.

29.     During week 9 of 2019 summer camp, Defendant Nathanial Singer again improperly touched S.C.'s buttocks during spotting and in open gym.

30.     During the same week, Defendant Nathanial Singer again progressed to slipping his finger into S.C.'s leotard and into her vagina while he spotted her on the bars.

31.     This time S.C. said to Defendant Nathanial Singer, "you spotted me weird." Defendant Nathanial Singer replied "that is how I spot this drill."

32.     That same week, Defendant Nathanial Singer again slipped his finger into S.C.'s leotard and into her vagina while spotting her.

33.     Later that same week Defendant Nathanial Singer tried to corner S.C. in a hallway and close the door, but S.C. was able to push the door open and walk back out the beam area where other coaches were located.

34.     That same week, Defendant Nathanial Singer tried for a second time to corner S.C. alone in a hallway but S.C. was able to push past him and get away.

35.     S.C. reported to head coach Matt Lea that Coach Nathanial Singer was spotting her inappropriately and that he made her uncomfortable.

36.     Coach Matt Lea reported S.C.'s allegations about Coach Nathanial Singer to the Camp Administrator, Brittany Schulman (nee Epps), and her assistant, Elizabeth Price.

37.     S.C. then reported to Brittany Schulman (nee Epps), and her assistant, Elizabeth Price that Coach Nathanial Singer was spotting her inappropriately, that he made her uncomfortable, and that it hurt her when he did it.

8

38.     Rather than provide assistance to this 14 year-old girl who reported being sexually assaulted by one of the Woodward Gymnastics Camps coaches, Elizabeth Price and Brittany Schulman secluded S.C. alone in a conference room and interrogated S.C. about the report of abuse, challenged her credibility, and advised her not to ruin Nathanial Singer's reputation and to stop spreading rumors. They also threatened that if she continued to talk about Singer's assault that it would wreck her chance of being a gymnast in college.

39.     S.C. suggested that coach Brittany Schulman, and Elizabeth Price review the camera footage at the facility as there were cameras everywhere, but they claimed that they were already recorded over.

40.     Head coach Matt Lea, Camp Administrator Brittany Schulman, and Elizabeth Price were all mandatory reporters, but failed to report S.C.'s allegations of sexual abuse to the police or other law enforcement.

41.     S.C. also witnessed Nathanial Singer use inappropriate spotting techniques by touching the buttocks of other girls at Woodward Gymnastics camp in 2018 and 2019.

42.     Other campers also discussed that Singer was inappropriate generally and in the way he spotted them.

43.     Upon information and belief, other coaches and staff at Woodward Camp were concerned about Singer's behavior with campers and raised issues with camp administrators, prior the assaults on S.C.

44.     Defendant Nathanial Singer was suspended for sexual misconduct by USA Gymnastics and/or the U.S. Center for SafeSport as of July of 2020 and given a "no contact directive" as of May 27, 2021.

45.     Upon information and belief, the reason Defendant Nathanial Singer was suspended was because he had an inappropriate sexual relationship with a camper.

46.     Despite being aware of the report of sexual abuse committed by coach Nathanial Singer on S.C., a minor, the Woodward Camp Defendants continued to disregard this known risk, and failed to act to protect children, including S.C.

47.     In addition to failing to act, the Woodward camp Defendants and its leadership failed to report the sexual abuse to law enforcement authorities, thus facilitating sexual abuse of children.

48.     The negligence, recklessness, and outrageous conduct of Defendant Nathanial Singer and the Woodward Camp Defendants and their agents and/or employees was a factual cause of S.C.'s harm and was a substantial factor in causing and did directly proximately cause the severe, permanent, and grievous injuries and damages, including:

    a.  Mental anguish, humiliation, pain, suffering, and emotional trauma from being sexually assaulted as a child;

    b.  Additional mental anguish, pain, suffering, humiliation, and emotional trauma from being sexually assaulted by an adult coach and reporting this to other adults, only to have the adults shame and threaten S.C. and fail to report this allegation of abuse to law enforcement;

    c.  Additional mental anguish, pain, suffering, humiliation, and emotional trauma from the sexual abuse happening during a sport that S.C. loved and excelled in, with potential to obtain gymnastics scholarships for college;

    d.  Post-Traumatic Stress Disorder ("PTSD");

    e.  night terrors;

    f.  fear;

    g.  flashbacks;

    h.  panic attacks;

     i.   costs associated with mental health treatment;

     j.   intense psychological distress;

     k.   past and future economic loss;

     l.   past and future embarrassment and humiliation;

     m.   past and future pain and suffering, mental anguish and loss of life's pleasures;

     n.   other physical, economic, and psychological injuries, some of which may be permanent, arising of the sexual assaults.

49.    As set forth more fully below, the negligence, recklessness, and outrageous conduct of the Defendants was a direct and proximate cause of harm to S.C.

50.    Plaintiff S.C.'s injuries were caused solely by the negligence, recklessness, and outrageous conduct of the Defendants, as set forth more fully herein, and were not caused or contributed thereto by any negligence on the part of the Plaintiff S.C.

## COUNT I - NEGLIGENCE

**Plaintiffs v. Defendants, Woodward Camp, Inc. d/b/a
Woodward Gymnastics Camp a/k/a Woodward U; Powdr – Woodward Pa, LLC;
Powdr – Woodward Camps, LLC; Powdr – Woodward Holdings, LLC;
Woodward Camp Properties, Inc.; The Woodward Foundation;
Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp
("Woodward Camp Defendants") and Defendant Nathanial Singer**

51.    The previous paragraphs are incorporated herein by reference.

52.    The negligence, recklessness, and outrageous conduct of Defendants include:

     a.   Negligently and/or recklessly failing to observe and supervise coach Nathanial Singer;

     b.   Negligently and/or recklessly failing to recognize Nathanial Singer's conduct described herein as creating a risk of sexual abuse of children;

     c.   Negligently and/or recklessly failing to have policies and procedures to require supervision and observation of coaches, including Nathanial Singer and S.C.;

d.    Negligently and/or recklessly failing to identify Nathanial Singer as a sexual abuser;

e.    Negligently and/or recklessly failing to investigate behavior of Nathanial Singer that put the Woodward Camp Defendants on notice that Nathanial Singer was a potential pedophile;

f.    Negligently and/or recklessly failing to have policies and procedures in place to screen coaches, including Nathanial Singer, for the possibility of being sexual predators;

g.    Negligently and/or recklessly failing to remove or suspend Nathanial Singer from active coaching immediately when S.C. reported the assault;

h.    Negligently and/or recklessly allowing Nathanial Singer to continue in active coaching at the Woodward Camps where he had access and authority over children;

i.    Failure to use reasonable and due care under the circumstances; and

j.    Negligence and recklessness as may be proven from facts now exclusively in the possession of Defendants, which may be ascertained after the filing of this Complaint.

**WHEREFORE,** Plaintiffs demand damages against all Defendants, jointly and severally, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts.

### COUNT II - NEGLIGENT SUPERVISION
**Plaintiffs v. Defendants, Woodward Camp, Inc. d/b/a
Woodward Gymnastics Camp a/k/a Woodward U; Powdr – Woodward Pa, LLC;
Powdr – Woodward Camps, LLC; Powdr – Woodward Holdings, LLC;
Woodward Camp Properties, Inc.; The Woodward Foundation;
Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp
("Woodward Camp Defendants")**

53.    The previous paragraphs are incorporated herein by reference.

54.    Defendants had a duty to use reasonable care in selecting, supervising, and controlling employees.

55.     Defendants knew that it was placing coaches, including Nathanial Singer, in a special relationship of trust with children, a vulnerable group, while acting in the course of their duties at the Woodward Gymnastics Camp.

56.     Defendants knew it was placing coaches, including Nathanial Singer, in a position where they would have the opportunity to commit harm to children, including S.C.

57.     Defendants knew that it had the ability to supervise and control its coaches, including Nathanial Singer.

58.     Defendants knew it was in a position to supervise its coaches, including Nathanial Singer, to prevent further acts of harm and sexual abuse.

59.     Defendants knew or should have known that its coaches could harm children, including S.C., even if acting outside of their coaching duties.

60.     The negligence and recklessness of Defendants in the supervision of Nathanial Singer consist of one or more of the following:

    a.     Failing to use due care in supervising Nathanial Singer's interaction with children;

    b.     Failing to ensure that Nathanial Singer was not alone with a child and/or children;

    c.     Failing to ensure that Nathanial Singer was using appropriate spotting techniques with the gymnasts;

    d.     Failing to investigate and supervise Nathanial Singer in light of reports that he had sexually abused S.C.;

    e.     Failing to discipline Nathanial Singer;

    f.     Failing to educate and train Nathanial Singer and other coaches, about appropriate spotting techniques;

    g.     Failing to educate and train Nathanial Singer, head coaches, camp administrators, and other employees about recognizing signs of possible sexual abuse and a mechanism to report suspected sexual abuse;

13

h.  Failing to educate campers and gymnasts, including S.C., regarding appropriate versus inappropriate conduct by adults and coaches and to report inappropriate behavior to law enforcement;

i.  Failing to share with law enforcement reports of sexual abuse within the Woodward Gymnastics Camp, including Nathanial Singer;

61.  Defendants did not attempt to prevent the foreseeable harm, and instead took a course of conduct that increased the risk that coaches could harm minors, including Nathanial Singer harming S.C.

62.  Defendants actively concealed and/or ignored Nathanial Singer inappropriate and pedophiliac behaviors.

63.  Defendants were in a position to prevent the harm Nathanial Singer inflicted on S.C., yet failed to prevent such harm.

64.  When S.C. reported the sexual abuse of Nathanial Singer to Defendants through their agents, Defendants compounded the harm by silencing and threatening S.C.

**WHEREFORE**, Plaintiffs demand damages against all Defendants, jointly and severally, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts.

## COUNT III - NEGLIGENT HIRING AND RETENTION

**Plaintiffs v. Defendants, Woodward Camp, Inc. d/b/a
Woodward Gymnastics Camp a/k/a Woodward U; Powdr – Woodward Pa, LLC;
Powdr – Woodward Camps, LLC; Powdr – Woodward Holdings, LLC;
Woodward Camp Properties, Inc.; The Woodward Foundation;
Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp
("Woodward Camp Defendants")**

65.  The previous paragraphs are incorporated herein by reference.

66.     Defendants knew or should have known prior to 2018 that S.C. and other young children in its camps were vulnerable and potential victims of sexual abuse.

67.     Defendants also knew or should have known prior to 2018 that the access to vulnerable youths and the physical contact required by gymnastic coaches when spotting gymnasts makes being a gymnastics coach an enticing vocation to pedophiles and others seeking to abuse and exploit children.

68.     Defendants owed a duty to exercise reasonable care in the selection and retention of coaches in Woodward Gymnastics Camp, and specifically a duty to remain vigilant with respect to possible pedophiles and others seeking to abuse and exploit children.

69.     Defendants failed to exercise reasonable care in the selection of and retention of Nathanial Singer as a gymnastics coach, by among other things, the following:

a.     Failing to perform a thorough background check and investigation for its coaches, including Nathanial Singer;

b.     Failing to investigate Nathanial Singer history of sexual impropriety;

c.     Failing to investigate whether Nathanial Singer had any inappropriate sexual interest in minors;

d.     Failing to investigate whether Nathanial Singer had a pattern of grooming and isolating young girls;

e.     Failing to use due care in the selection of Nathanial Singer as a gymnastics coach who would be coaching minors;

f.     Failing to use due care in the retention of Nathanial Singer as a gymnastics coach who would be coaching minors;

g.     Failing to terminate Nathanial Singer and/or remove him from the position of gymnastics coach.

**WHEREFORE,** Plaintiffs demand damages against all Defendants, jointly and severally, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts.

## COUNT IV - VICARIOUS LIABILITY

**Plaintiffs v. Defendants, Woodward Camp, Inc. d/b/a**
**Woodward Gymnastics Camp a/k/a Woodward U; Powdr – Woodward Pa, LLC;**
**Powdr – Woodward Camps, LLC; Powdr – Woodward Holdings, LLC;**
**Woodward Camp Properties, Inc.; The Woodward Foundation;**
**Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp**
**("Woodward Camp Defendants")**

69.     The previous paragraphs are incorporated herein by reference.

70.     Defendant is vicariously liable for the actions described herein of its agents, servants, and/or employees, including, but not limited to, Nathanial Singer.

71.     The sexual assaults occurred while Nathanial Singer was performing his duties as a gymnastics coach, including spotting the gymnasts.

72.     The sexual assaults occurred while Nathanial Singer was a gymnastics coach at the Woodward Gymnastics Camp's overnight summer camp, and thus occurred within the authorized time and space limits of his employment with the Woodward Camp Defendants.

73.     The actions and/or omissions of Defendants and their agents, servants, and/or employees, including Nathanial Singer, were a factual cause of and/or placed Plaintiff S.C. at an increased risk of harm for and/or was a substantial factor in causing, and did directly and proximately cause the harm suffered described herein by Plaintiff S.C.

74.     Defendants are liable for the negligent conduct of any and all agents, ostensible agents, servants, and/or employees, including Nathanial Singer, as described herein pursuant to principles of agency, vicarious liability, and/or *respondeat superior*.

**WHEREFORE**, Plaintiffs demand damages against all Defendants, jointly and severally, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts.

**COUNT V – ASSAULT AND BATTERY**
**Defendant Nathanial Singer**

75.     The previous paragraphs are incorporated herein by reference.

76.     The aforementioned conduct by Defendant Nathanial Singer inflicted upon S.C. while at the Woodward Gymnastics Camp in the summer of 2018 and 2019, constitute sexual assault and physical battery.

77.     As a result of Defendant Nathanial Singer's repeated acts of sexual assault and physical battery, S.C. was caused to suffer painful physical, metal, and emotional harm as outlined above.

**WHEREFORE**, Plaintiffs demand damages against Defendant, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts.

Respectfully Submitted,

**KLINE & SPECTER**

BY:     _/s/ Thomas R. Kline_
        THOMAS R. KLINE
        DAVID K. INSCHO
        LORRAINE H. DONNELLY
        *Attorneys for Plaintiffs*

Date:   12/21/2021

## <u>VERIFICATION</u>

We, Kelly Chinea and Julio Chinea, as Parents and Natural Guardians of S.C., a minor, are Plaintiffs in this matter and hereby verify that the within *Complaint* is based on information furnished to counsel and gathered by counsel in the course of this lawsuit. The language of the *Complaint* is that of counsel and not the signer. Signer verifies that signer has read the within *Complaint* and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the *Complaint* are not that of signer, signer has relied upon counsel in taking this Verification. This Verification is made subject to the penalties Pa.C.S. Section 4904, relating to unsworn falsification of authorities.

Dated: 12/21/2021 _____

_____
Kelly Chinea

_____
Julio Chinea

# SHERIFF'S OFFICE OF CENTRE COUNTY

**Bryan L Sampsel**
*Sheriff*

**Tracey G Benson**
*Solicitor*



**Todd J Weaver**
*Chief Deputy*

---

KELLY CHINEA AND JULIO CHINEA
vs.
WOODWARD CAMP, INC., ET AL. (et al.)

| Case Number |
| 21-3086 |

---

## SHERIFF'S RETURN OF SERVICE

01/06/2022    10:44 AM - DEPUTY KATHLEEN C. BOWES, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED UPON WOODWARD CAMP, INC. D/B/A WOODWARD GYMNASTICS CAMP A/K/A WOODWARD U AT 134 SPORTS CAMP DR, WOODWARD, PA 16886 BY HANDING A TRUE AND ATTESTED COPY TO A KIMBERLY CLAAR BUSINESS OPERATION MANAGER, ADULT-IN-CHARGE OF RESIDENCE AT TIME OF SERVICE, AND MADE KNOWN THE CONTENTS THEREOF.

_____
KATHLEEN C. BOWES, DEPUTY

01/06/2022    10:44 AM - DEPUTY KATHLEEN C. BOWES, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED UPON POWDR-WOODWARD PA, LLC D/B/A WOODWARD CAMP AT 134 SPORTS CAMP DR, WOODWARD, PA 16886 BY HANDING A TRUE AND ATTESTED COPY TO A KIMBERLY CLAAR BUSINESS OPERATION MANAGER, ADULT-IN-CHARGE OF RESIDENCE AT TIME OF SERVICE, AND MADE KNOWN THE CONTENTS THEREOF.

_____
KATHLEEN C. BOWES, DEPUTY

01/06/2022    10:44 AM - DEPUTY KATHLEEN C. BOWES, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED UPON POWDR- WOODWARD CAMPS, LLC AT 134 SPORTS CAMP DR, WOODWARD, PA 16886 BY HANDING A TRUE AND ATTESTED COPY TO A KIMBERLY CLAAR BUSINESS OPERATION MANAGER, ADULT-IN-CHARGE OF RESIDENCE AT TIME OF SERVICE, AND MADE KNOWN THE CONTENTS THEREOF.

_____
KATHLEEN C. BOWES, DEPUTY

01/06/2022    10:44 AM - DEPUTY KATHLEEN C. BOWES, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED UPON POWDR-WOODWARD HOLDINGS, LLC AT 134 SPORTS CAMP DR, WOODWARD, PA 16886 BY HANDING A TRUE AND ATTESTED COPY TO A KIMBERLY CLAAR BUSINESS OPERATION MANAGER, ADULT-IN-CHARGE OF RESIDENCE AT TIME OF SERVICE, AND MADE KNOWN THE CONTENTS THEREOF.

_____
KATHLEEN C. BOWES, DEPUTY

01/06/2022    10:44 AM - DEPUTY KATHLEEN C. BOWES, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED UPON WOODWARD CAMP PROPERTIES, INC. AT 134 SPORTS CAMP DR, WOODWARD, PA 16886 BY HANDING A TRUE AND ATTESTED COPY TO A KIMBERLY CLAAR BUSINESS OPERATION MANAGER, ADULT-IN-CHARGE OF RESIDENCE AT TIME OF SERVICE, AND MADE KNOWN THE CONTENTS THEREOF.

KATHLEEN C. BOWES, DEPUTY

01/06/2022   10:44 AM - DEPUTY KATHLEEN C. BOWES, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED UPON THE WOODWARD FOUNDATION AT 134 SPORTS CAMP DR, WOODWARD, PA 16886 BY HANDING A TRUE AND ATTESTED COPY TO A KIMBERLY CLAAR BUSINESS OPERATION MANAGER, ADULT-IN-CHARGE OF RESIDENCE AT TIME OF SERVICE, AND MADE KNOWN THE CONTENTS THEREOF.

KATHLEEN C. BOWES, DEPUTY

01/06/2022   10:44 AM - DEPUTY KATHLEEN C. BOWES, BEING DULY SWORN ACCORDING TO LAW, DEPOSES AND SAYS, THE COMPLAINT IN CIVIL ACTION (CICA) WAS SERVED UPON SPORTS MANAGEMENT GROUP, INC. D/B/A WOODWARD GYMNASTICS CAMP AT 134 SPORTS CAMP DR, WOODWARD, PA 16886 BY HANDING A TRUE AND ATTESTED COPY TO A KIMBERLY CLAAR BUSINESS OPERATION MANAGER, ADULT-IN-CHARGE OF RESIDENCE AT TIME OF SERVICE, AND MADE KNOWN THE CONTENTS THEREOF.

KATHLEEN C. BOWES, DEPUTY

SHERIFF COST: $212.90

SO ANSWERS,

January 06, 2022

BRYAN L SAMPSEL, SHERIFF

**NOTARY**

Affirmed and subscribed to before me this

_____13TH_____ day of _____JANUARY_____ , _____2022_____

*Plaintiff Attorney: KLINE & SPECTER, P.C., 1525 LOCUST ST, 19TH FL, PHILADELPHIA, PA 19102*

(c) CountySuite Sheriff, Teleosoft, Inc.