## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY CHINEA AND JULIO CHINEA, as Parents and Natural Guadians of S.C., a minor, | No. 4:22-CV-00134 |
| | (Chief Judge Brann) |
| Plaintiffs, | |
| v. | |
| WOODWARD CAMP, INC. d/b/a WOODWARD GYMNASTICS CAMP a/k/a WOODWARD, et al., | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

### MAY 19, 2022

In December 2021, Kelly and Julio Chinea sued Nathaniel Singer and seven entities bearing the Camp Woodward name in the Centre County Court of Common Pleas. The Chineas' Complaint, which raised various state-law claims, alleged that Singer, a former Camp Woodward gymnastics camp counselor, sexually abused their child in the summers of 2018 and 2019; that the Camp had employed Singer despite previous reports of inappropriate sexual conduct; and that Camp staff challenged and threatened their child after she reported Singer's inappropriate conduct and later failed to report the abuse as required under Pennsylvania Law.[1]

---

[1]    Doc. 1-1 ¶¶ 25–34, 38–40, 43.

Today's decision deals not with the merits of these serious allegations, but a question of jurisdiction. In January, Woodward Pennsylvania, LLC ("the Removing Defendant") removed the case to this Court, alleging that diversity jurisdiction was proper because of the eight named parties, seven had not been properly served, six were nominal defendants, and among those that remained, none were forum-defendants.[2] The Chineas disagreed, and sought to remand their case to state court.[3]

Removal and remand are governed by 28 U.S.C. §§ 1441-55. In these proceedings, the burden falls on the party urging jurisdiction; so it is the removing defendant who must show that the claim should remain in federal court, with "all doubts . . . resolved in favor of remand."[4] While removal is generally permitted whenever a district court would have original jurisdiction, the forum-defendant rule, codified at 28 U.S.C. § 1441(b)(2), prohibits this action when a "properly joined and served" defendant is a citizen of the forum.[5] This subsection is now at issue here.

The Chineas argue that their Complaint included four federal jurisdiction-barring forum-defendants, each with a principal place of business at 134 Sports Camp Drive, Woodward, Pennsylvania: (1) Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U; (2) Woodward Camp Properties, Inc.; (3)

---

[2]   Doc. 1 ¶¶ 5–7.
[3]   Doc. 6; Doc. 11.
[4]   *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).
[5]   *Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 153 (3d Cir. 2018).

The Woodward Foundation; and (4) Sports Management Group, Inc d/b/a Woodward Gymnastics Camp.[6] But I disagree.

Section 1441(b)(2)'s "'properly joined and served' language" imposes twin requirements.[7] "Properly joined" entails an assessment of whether the forum-defendant's joinder was fraudulent. That occurs when "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."[8] "Properly served," meanwhile, requires lawful service of process—a "bright-line rule."[9] For a corporate target, this means that the recipient be either "(1) an executive officer, partner or trustee of the corporation or similar entity, . . . (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or . . . (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it."[10]

A common factual thread runs through the Removing Defendant's argument that neither are met here: when the Removing Defendant purchased the property in

---

[6]   In Woodward, Pennsylvania LLC's notice of removal, it also asserted that POWDR – Woodward Camps, LLC and POWDR – Woodward Holdings, LLC were both nominal defendants and citizens of Delaware and Utah. Doc. 1 ¶¶ 29, 30. While these entities are not addressed in the Chineas' motion to remand, I'll note that neither are jurisdiction-defeating forum-defendants.

[7]   *Encompass Ins. Co.*, 802 F.3d at 153.

[8]   *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)).

[9]   *Encompass Ins. Co.*, 902 F.3d at 154.

[10]   Pa. R. Civ. Pro. 424.

2011, the four Defendants' interest in the Camp ended; since then, they have been dormant, having neither employees nor a stake in the Camp.[11] In the Removing Defendant's view, this sequence, which it supports through declarations of its Director of Corporate Governance[12] and its on-site business operations director,[13] compels two findings—both fatal to the Chineas' attempt to remand. First, because the Woodward Camp employee they served is neither an employee of the pre-sale Defendants nor their agent, no forum defendants have been served.[14] And second, because no claim can arise against the pre-sale Defendants (given that their involvement ceased years before), the pre-sale Defendants' joinder was fraudulent.[15]

In response, the Chineas cite Pennsylvania incorporation documents and Pennsylvania Department of State verifications, which they contend show that these pre-sale Defendants continue to subsist and have a principal place of business at 134 Sports Camp Drive, Woodward, Pennsylvania—the Camp's address.[16] And they further argue that this Court must accept as true their allegation that these entities

---

[11]   Doc. 18 at 2–3.

[12]   Doc. 18-6.

[13]   Doc. 18-8 (Declaration of Kimberly Claar). Claar was the employee who was served with the summons and complaint on January 6, 2022.

[14]   *See* Doc. 18-8 ¶¶ 1–7 (noting that she has solely worked for the Removing Defendant and has no affiliation with the pre-sale Defendants).

[15]   *See* Doc. 18-6 ¶¶ 1–13 (highlighting that the Removing Defendant had purchased the camp's physical assets in 2011 from the pre-sale Defendants).

[16]   Doc. 11 at 7–9; *see* Doc. 11-3; Doc. 11-4; Doc. 11-5; Doc. 11-6; Doc. 11-7; Doc. 11-8; Doc. 11-9; Doc. 11-10.

were directly and vicariously liable for the acts and omissions culmination in their child's sexual assault.[17] But neither gain purchase.

To start, the Third Circuit has "made it clear that a court can look to more than just the pleading allegations to identify indicia of fraudulent joinder."[18] Thus, while a "court must not step 'from the threshold jurisdictional issue into a decision on the merits,'" it is not "preclude[d] . . . from a limited consideration of reliable evidence that the defendant may proffer to support the removal";[19] this decision remains well within those confines. Second, the Chineas' reference to the pre-sale Defendants' incorporation documents and the Department of State's verification of their subsistence are inapposite. These documents show that these entities were at one point registered, but they do not evidence an ongoing business or in any way defeat the Removing Defendant's declarations that attest to their dormancy after the 2011 sale.

As a result, this Court finds the forum-defendant rule inapplicable; none of these four pre-sale Defendants have been properly served or joined. Jurisdiction is therefore proper.

---

[17]   Doc. 11 at 9–12.
[18]   *In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2005).
[19]   *Id.* at 219–20.

**AND NOW**, **IT IS HEREBY ORDERED** that:

1.      Plaintiffs Kelly Chinea and Julio Chinea's Motion to Remand to the

    Court of Common Pleas of Centre County, Pennsylvania (Doc. 6) is

    **DENIED.**

2.      Plaintiffs' Motion for Costs and Attorney Fees Pursuant to 28 U.S.C. §

    1447(c) (Doc. 6) is **DENIED.**


                    BY THE COURT:


                    _s/ Matthew W. Brann_
                    Matthew W. Brann
                    Chief United States District Judge