UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY CHINEA AND JULIO CHINEA, as Parents and Natural Guardians of S.C., a minor, <br><br> *Plaintiffs,* <br><br> *v.* <br><br> WOODWARD PENNSYLVANIA, LLC, f/k/a POWDR — WOODWARD PA, LLC <br><br> and <br><br> NATHANIEL SINGER <br><br> and <br><br> BRITTANY SHULMAN <br><br> *Defendants.* | Civil Action No. 4:22-cv-00134-MWB |

**DEFENDANT WOODWARD PENNSYLVANIA, LLC'S (F/K/A POWDR – WOODWARD PA, LLC) ANSWER TO PLAINTIFFS' AMENDED COMPLAINT WITH SEPARATE & AFFIRMATIVE DEFENSES**

Defendant, Woodward Pennsylvania, LLC (f/k/a POWDR – Woodward PA, LLC and hereinafter referred to as "Woodward"), by undersigned counsel, answers Plaintiffs' Amended Complaint, denies all claims of liability against it, and pleads its affirmative defenses as follows:

1. Denied. Paragraph 1 sets forth no factual allegations to which a response is required. To the extent Paragraph 1 sets forth any factual allegations, they are denied.

**PARTIES AND VENUE**

2. Woodward lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Amended Complaint and, accordingly, denies the allegations of Paragraph 2.

3. Paragraph 3 sets forth no factual allegations to which a response is required. To the extent Paragraph 3 sets forth any factual allegations, they are denied.

4. Woodward Camp, Inc. d/b/a has been dismissed from this Action by Order of the Court dated December 13, 2022. (Doc. 41). Accordingly, no response is required.

5. Admitted in part and denied in part. Woodward admits that it is a Delaware limited liability company that operates a camp located at 134 Sports Camp Drive, Woodward, PA 16886. The remaining allegations of this paragraph are denied.

6. Powdr – Woodward Camps, LLC has been dismissed from this Action by Order of the Court dated December 13, 2022. (Doc. 41). Accordingly, no response is required.

7. Powdr – Woodward Holdings, LLC has been dismissed from this Action by Order of the Court dated December 13, 2022. (Doc. 41). Accordingly, no response is required.

8. Woodward Camp Properties, Inc. has been dismissed from this Action by Order of the Court dated December 13, 2022. (Doc. 41). Accordingly, no response is required.

9. The Woodward Foundation has been dismissed from this Action by Order of the Court dated December 13, 2022. (Doc. 41). Accordingly, no response is required.

10. Sports Management Group, Inc. has been dismissed from this Action by Order of the Court dated December 13, 2022. (Doc. 41). Accordingly, no response is required.

11. Denied as stated. Woodward admits that it is a Delaware limited liability company that operates, among other facilities, a camp located at 134 Sports Camp Drive, Woodward, PA 16886. Any remaining characterization of Woodward's business is denied.

12. Woodward lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Amended Complaint and, accordingly, denies the allegations of Paragraph 12.

13. Admitted in part and denied in part. Woodward admits only that it employed Defendant Nathaniel Singer at the camp located at 134 Sports Camp Drive, Woodward, Pennsylvania 16886. Woodward denies the remaining allegations of this Paragraph.

14. Woodward lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Amended Complaint and, accordingly, denies the allegations of Paragraph 14.

15. Admitted in part and denied in part. Woodward admits only that Defendant Brittany Shulman was an administrator with Woodward and that she held certain duties in her capacity as an administrator with Woodward. The remaining allegations of this paragraph are denied.

16. Denied. Paragraph 16 sets forth conclusions of law to which no response is required. To the extent Paragraph 16 sets forth any factual allegations, they are denied.

17. Denied. By way of further response, the allegations of this paragraph of the Amended Complaint are limited by Order of the Court dated December 13, 2022. (Doc. 41).

18. Denied.

19. Admitted.

20. Denied as stated. Paragraph 19 sets forth conclusions of law to which no response is required. To the extent Paragraph 20 sets forth any factual allegations, Woodward states that it does not contest venue in this matter.

21. Admitted.

22. Paragraph 22 sets forth conclusions of law to which no response is required. To the extent Paragraph 22 sets forth any factual allegations, they are denied.

**FACTS GIVING RISE TO THE ACTION**

23. Woodward repeats its responses to the foregoing allegations of the Amended Complaint as if fully set forth at length herein.

24. Denied as stated. It is admitted Woodward operates a camp located at 134 Sports Camp Drive, Woodward, PA 16886. Any remaining characterization of Woodward's business is denied.

25. Denied as stated. It is admitted Woodward operates a camp located at 134 Sports Camp Drive, Woodward, PA 16886. Any remaining characterization of Woodward's business is denied.

26. Denied as stated. It is admitted Woodward operates a camp located at 134 Sports Camp Drive, Woodward, PA 16886. Any remaining characterization of Woodward's business is denied.

27. Admitted. Woodward admits that it employed Defendant Singer in 2016.

28. Denied. Woodward lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Amended Complaint and, accordingly, they are denied.

29. Denied.

30. Denied.

31. Denied. Woodward lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Amended Complaint and, accordingly, they are denied.

32. Denied. Woodward lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Amended Complaint and, accordingly, they are denied.

33. Denied.

34. Denied.

3049737.1 099998-00115

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Admitted in part and denied in part. Woodward admits that S.C. attended the Woodward Gymnastics Camp for week nine (9) of 2017. To the extent Paragraph 41 sets forth any other factual allegations, they are denied.

42. Admitted in part and denied in part. Woodward admits that S.C. attended the Woodward Gymnastics Camp for weeks nine (9) and ten (10) in the summer of 2018. Woodward lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42 of the Amended Complaint and, accordingly, they are denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Admitted in part, denied in part. Woodward admits only that Defendant Singer was hired in 2019 and that Defendant Shulman participated in the hiring process. The remaining allegations are denied.

48. Admitted in part, denied in part. Woodward admits only that Defendant Singer was hired in 2019. The remaining allegations are denied.

49. Denied.

3049737.1 099998-00115

50. Admitted in part, denied in part. Woodward admits that S.C. attended the Woodward Gymnastics Camp for week nine (9) of 2019 and that Defendant Singer was employed during week (9) of 2019. Woodward lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 50 of the Amended Complaint and, accordingly, they are denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied. Woodward lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Amended Complaint and, accordingly they are denied.

58. Denied. Woodward lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Amended Complaint and, accordingly they are denied.

59. Denied. Woodward lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Amended Complaint and, accordingly they are denied.

60. Denied.

61. Denied.

3049737.1 099998-00115

62. Denied. Woodward lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Amended Complaint and, accordingly, they are denied.

63. Denied. Paragraph 63 sets forth conclusions of law to which no response is required. To the extent Paragraph 63 sets forth any factual allegations, they are denied.

64. Denied. Woodward lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Amended Complaint and, accordingly, they are denied.

65. Denied. Woodward lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Amended Complaint and, accordingly, they are denied.

66. Denied.

67. Denied as stated. By way of further response, the documents from USA Gymnastics and the U.S. Center for SafeSport speak for themselves. Woodward further states that Defendant Singer was cleared to resume work by the U.S. Center for SafeSport's June 3, 2022 decision, which issued a formal warning and a requirement that Singer complete SafeSport training.

68. Denied. Defendant Woodward lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Amended Complaint and, accordingly, they are denied.

69. Denied.

70. Denied.

71. (a) through (o). Denied.

72. Denied.

73. Denied.

## COUNT I – NEGLIGENCE[1]

**Plaintiffs v. Defendants, Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U; Woodward Pennsylvania, LLC f/k/a Powdr — Woodward Pa, LLC; Powdr — Woodward Camps, LLC; Powdr — Woodward Holdings, LLC; Woodward Camp Properties, Inc.; The Woodward Foundation; Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp ("Woodward Camp Defendants") and Defendant Brittany Shulman**

74. Woodward repeats its responses to the foregoing allegations of the Amended Complaint as if fully set forth at length herein.

75. (a) through (j). Denied.

**WHEREFORE,** Woodward demands judgment against Plaintiffs and dismissal of the Amended Complaint with prejudice, together with interest, costs and reasonable attorneys' fees, and all other and further relief this Court deems just and proper.

## COUNT II - NEGLIGENT SUPERVISION

**Plaintiffs v. Defendants, Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U; Woodward Pennsylvania, LLC f/k/a Powdr — Woodward Pa, LLC; Powdr — Woodward Camps, LLC; Powdr — Woodward Holdings, LLC; Woodward Camp Properties, Inc.; The Woodward Foundation; Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp ("Woodward Camp Defendants") and Defendant Brittany Shulman**

76. Woodward repeats its responses to the foregoing allegations of the Amended Complaint as if fully set forth at length herein.

77. Denied. Paragraph 77 sets forth conclusions of law to which no response is required. To the extent Paragraph 77 sets forth any factual allegations, they are denied.

---

[1] By Order dated December 13, 2022, this Court dismissed Count IV of the Amended Complaint. The named entities, Woodward Camp, Inc., Powdr – Woodward Camps, LLC, Powdr – Woodward Holdings, LLC, Woodward Camp Properties, Inc., The Woodward Foundation, and Sports Management Group were also dismissed from this Action. (Doc. 41).

78. Denied. Paragraph 78 sets forth conclusions of law to which no response is required. To the extent Paragraph 78 sets forth any factual allegations, they are denied.

79. Denied. Paragraph 79 sets forth conclusions of law to which no response is required. To the extent Paragraph 79 sets forth any factual allegations, they are denied.

80. Denied. Paragraph 80 sets forth conclusions of law to which no response is required. To the extent Paragraph 80 sets forth any factual allegations, they are denied.

81. Denied.

82. Denied.

83. Denied. Paragraph 83 sets forth conclusions of law to which no response is required. To the extent Paragraph 83 sets forth any factual allegations, they are denied.

84. Denied. Paragraph 84 sets forth conclusions of law to which no response is required. To the extent Paragraph 84 sets forth any factual allegations, they are denied.

85. (a) through (i). Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

**WHEREFORE,** Woodward demands judgment against Plaintiffs and dismissal of the Amended Complaint with prejudice, together with interest, costs and reasonable attorneys' fees, and all other and further relief this Court deems just and proper.

## COUNT III - NEGLIGENT HIRING AND RETENTION

**Plaintiffs v. Defendants, Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U; Woodward Pennsylvania, LLC f/k/a Powdr — Woodward Pa, LLC; Powdr — Woodward Camps, LLC; Powdr — Woodward Holdings, LLC; Woodward Camp Properties, Inc.; The Woodward Foundation; Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp ("Woodward Camp Defendants") and Defendant Brittany Shulman**

90. Woodward repeats its responses to the foregoing allegations of the Amended Complaint as if fully set forth at length herein.

91. Denied. Paragraph 91 sets forth conclusions of law to which no response is required. To the extent Paragraph 91 sets forth any factual allegations, they are denied.

92. Denied. Paragraph 92 sets forth conclusions of law to which no response is required. To the extent Paragraph 92 sets forth any factual allegations, they are denied.

93. Denied. Paragraph 93 sets forth conclusions of law to which no response is required. To the extent Paragraph 93 sets forth any factual allegations, they are denied.

94. Denied.

95. Denied.

96. (a) through (i) Denied.

**WHEREFORE,** Woodward demands judgment against Plaintiffs and dismissal of the Amended Complaint with prejudice, together with interest, costs and reasonable attorneys' fees, and all other and further relief this Court deems just and proper.

## COUNT IV - VICARIOUS LIABILITY

**Plaintiffs v. Defendants, Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U; Woodward Pennsylvania, LLC f/k/a Powdr — Woodward Pa, LLC; Powdr — Woodward Camps, LLC; Powdr — Woodward Holdings, LLC; Woodward Camp Properties, Inc.; The Woodward Foundation; Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp**
**("Woodward Camp Defendants")**

69 – 77.[2] Count IV of the Amended Complaint has been dismissed by Order of the Court dated December 13, 2022. (Doc. 41). Accordingly, no response is required.

**WHEREFORE,** Woodward demands judgment against Plaintiffs and dismissal of the Amended Complaint with prejudice, together with interest, costs and reasonable attorneys' fees, and all other and further relief this Court deems just and proper.

## COUNT V — ASSAULT AND BATTERY

### Defendant Nathanial Singer

78 - 80.  Count V of the Amended Complaint is not directed at Woodward. Accordingly, no response is required. To the extent Plaintiffs seek to allege wrongdoing or impose liability as to Woodward, those allegations are denied.

**WHEREFORE,** Woodward demands judgment against Plaintiffs and dismissal of the Amended Complaint with prejudice, together with interest, costs and reasonable attorneys' fees, and all other and further relief this Court deems just and proper.

---

[2] The paragraph numbering in the Amended Complaint repeats 69 forward and the numbering in this Answer aligns with the numbering in the Amended Complaint.

## COUNT VI- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Plaintiffs v. Defendants, Woodward Camp, Inc. d/b/a Woodward Gymnastics Camp a/k/a Woodward U; Woodward Pennsylvania, LLC f/k/a Powdr — Woodward Pa, LLC; Powdr — Woodward Camps, LLC; Powdr —Woodward Holdings, LLC; Woodward Camp Properties, Inc.; The Woodward Foundation; Sports Management Group, Inc. d/b/a Woodward Gymnastics Camp ("Woodward Camp Defendants") and Defendant Brittany Shulman**

81. Woodward repeats its responses to the foregoing allegations of the Amended Complaint as if fully set forth at length herein

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

**WHEREFORE,** Woodward demands judgment against Plaintiffs and dismissal of the Amended Complaint with prejudice, together with interest, costs and reasonable attorneys' fees, and all other and further relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Woodward states the following affirmative defenses. Woodward reserves the right to assert other defenses and/or otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

12

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff S.C.'s damages, if any, resulted from the intervening or superseding acts, omissions or other liability producing conduct or breach of duty of a third-person or persons over whom Woodward exercised no control and for whom Woodward is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff S.C.'s damages, if any, resulted from the negligent acts, omissions or other liability producing conduct or breach of duty of a third person or persons over whom Woodward exercised no control and for whom Woodward is not responsible or liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Woodward did not breach any duty owed.

## SIXTH AFFIRMATIVE DEFENSE

Woodward did not engage in negligent, reckless, or outrageous conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Woodward did not proximately or actually cause Plaintiff S.C.'s alleged injuries or damages.

## EIGHTH AFFIRMATIVE DEFENSE

Woodward did not negligently hire, supervise, or retain any of its agents, administrators, representatives or employees.

3049737.1 099998-00115

### NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Woodward acted reasonably and properly under the circumstances.

### TENTH AFFIRMATIVE DEFENSE

Woodward did not know or should not have known that any agents, administrators, representatives or employees may commit harm, which Woodward denies, to Plaintiff S.C. or any other person.

### ELEVENTH AFFIRMATIVE DEFENSE

No act or failure to act on the part of Woodward caused and/or contributed to the damages and injuries alleged in Plaintiffs' Amended Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Woodward is neither primarily nor vicariously liable for any harm alleged in the Amended Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

Woodward properly supervised its agents, representatives, administrators, employees and campers.

### FOURTEENTH AFFIRMATIVE DEFENSE

Woodward did not know, did not have reason to know by the exercise of reasonable care that any of its agents, administrators, representatives or employees had any propensity to cause any type of harm, which Woodward denies, to Plaintiff S.C. or any other camper.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate Plaintiff S.C.'s damages, if any.

3049737.1 099998-00115

## SIXTEENTH AFFIRMATIVE DEFENSE

Woodward was not negligent in any manner alleged in Plaintiffs' Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff S.C.'s claim for damages is barred or limited by operation of the laws of the laws of the United States of America and/or Commonwealth of Pennsylvania.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorney's fees.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent that any claims stated in the Amended Complaint have been settled, compromised, or otherwise discharged, a set off is due.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek exemplary or punitive damages, Woodward specifically incorporates by reference all standards and/or limitations regarding the determination and enforceability of punitive damage awards that arise in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

No act or omission of Woodward was malicious, willful, wanton, reckless, or grossly negligent, and, therefore, any award of punitive or exemplary damages is barred.

3049737.1 099998-00115

### **TWENTY-THIRD AFFIRMATIVE DEFENSE**

To the extent Woodward is found liable in part, they avail themselves of the relief and remedies available to them for joint and several liability under Pennsylvania law, including, but not limited to, those available under 42 Pa. Const. Stat. Ann. §§ 7102, 8324.

### **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Any and all harm and/or damages sustained by Plaintiff S.C., which Woodward specifically denies, were not the result of the actions or inactions of Woodward.

### **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

At all relevant times, Woodward complied with all standards, regulations, guidelines and laws.

Woodward reserves the right to amend its Answer, to assert additional Affirmative Defenses and to delete or withdraw Affirmative Defenses.

**WHEREFORE**, Woodward demands judgment against Plaintiffs and dismissal of the Amended Complaint with prejudice, together with interest, costs and reasonable attorneys' fees, and all other and further relief this Court deems just and proper.

Dated: December 27, 2022

By: /s/ John C. Romeo
John C. Romeo (PA 77691)
**GIBBONS P.C.**
One Logan Square, Suite 1210
Philadelphia, PA 19103
jromeo@gibbonslaw.com
*Attorneys for* D*efendant Woodward Pennsylvania, LLC (f/k/a POWDR - Woodward PA, LLC)*

**CERTIFICATION OF SERVICE**

I, John C. Romeo, Esquire, certify that Defendant Woodward Pennsylvania, LLC's Answer to the Amended Complaint with Separate and Affirmative Defenses has been filed and electronically served on the following counsel via the Court's electronic filing system on December 27, 2022:

>Thomas R. Kline, Esq.
>David K. Inscho, Esq.
>Lorraine H. Donnelly, Esq.
>**KLINE & SPECTER, P.C.**
>1525 Locust Street, Nineteenth Floor
>Philadelphia, PA 19102
>*Attorneys for Plaintiffs*

>Jacqueline M. Woolley
>**DAILEY LLP**
>1650 Market Street, 36th Floor
>Philadelphia, PA 19103
>*Attorneys for Defendant Brittany Shulman*

And upon Defendant Nathaniel Singer via First Class Mail:

>Nathaniel Singer
>122 Dewey Avenue
>Groton, CT 06340

By: */s/ John C. Romeo*
 John C. Romeo, Esq.

3049737.1 099998-00115