IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY CHINEA and JULIO CHINEA, *as Parents and Natural Guardians of S.C., a minor*, | No. 4:22-CV-00134 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| WOODWARD CAMP, INC., *d/b/a Woodward Gymnastics Camp a/k/a Woodward U*, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**OCTOBER 23, 2023**

Kelly and Julio Chinea, on behalf of their minor daughter, S.C., sue Woodward Pennsylvania, LLC ("Woodward"), the gymnastics camp their daughter attended in the summers of 2018 and 2019, along with two former Woodward employees: Woodward's then-administrator, Brittany Shulman, and the Woodward gymnastics coach who allegedly sexually abused her, Nathaniel Singer.

Plaintiffs' amended complaint raises allegations of reprehensible conduct. Plaintiffs allege that during the summers of 2018 and 2019, Singer sexually abused their daughter. They further allege that Shulman was aware of Singer's improper behavior. When S.C. complained to Shulman about Singer in 2019, Shulman

brought her into a conference room, interrogated her, challenged her credibility, and made veiled threats about her future.

As relevant to the pending motion for the entry of a protective order, after Plaintiffs filed this suit, Singer was arrested and charged—in relation to his conduct toward S.C.—with felony indecent assault of a person less than 16 years of age, in violation of 18 Pa. C.S. § 3125(a)(8), felony aggravated indecent assault without the consent of another, in violation of Pa. C.S. § 3125(a)(1), misdemeanor indecent assault of a person less than 16 years of age, in violation of 18 Pa. C.S. § 3126(a)(8), and misdemeanor indecent assault without the consent of another, in violation of Pa. C.S. § 3126(a)(1).[1] Following a jury trial, in May 2023 Singer was convicted of all counts and sentenced to a term of two and one-half to five years' imprisonment.[2]

Based upon this conviction, Plaintiffs now move for a protective order related to discovery—specifically the forthcoming deposition of S.C.[3] Plaintiffs assert that, because Singer was convicted of sexually assaulting S.C., Defendants are now barred by the doctrine of collateral estoppel from challenging the fact of the sexual assaults.[4] Plaintiffs argue that, because Defendants are barred from contesting the assaults, any questions aimed at undermining the fact of those sexual assaults are irrelevant, and Defendants therefore should be prohibited from asking any such

---

[1]  Doc. 57-4.
[2]  *Id.* at 4.
[3]  Docs. 57, 61.
[4]  Doc. 61 at 12-20.

2

questions when deposing S.C., particularly since such questions may retraumatize S.C.[5]

Woodward and Shulman (collectively "Responding Defendants") contend that Plaintiffs' motion must be denied for three reasons. First, they assert that it is improper to use collateral estoppel to prevent discovery.[6] Second, Responding Defendants argue that Plaintiffs have failed to establish the elements of collateral estoppel, as the issues decided in the criminal trial are not identical to the issues at hand here, there is no privity between Responding Defendants and Singer, and Responding Defendants did not have a full and fair opportunity to litigate the relevant issues during Singer's criminal trial.[7] Finally, Responding Defendants assert that the motion should be denied because Plaintiffs' requested relief is unclear and impractical.[8]

After evaluating the parties' arguments, the Court concludes that a protective order will not issue.

District courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including. . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[9] The party seeking a protective order "establishes good

---

[5] *Id.* at 20-24; Doc. 75 at 2-3.
[6] Doc. 69 at 8-10; Doc. 71 at 9-11.
[7] Doc. 69 at 10-14; Doc. 71 at 11-17.
[8] Doc. 69 at 17-20; Doc. 71 at 18-22.
[9] Fed. R. Civ. P. 26(c)(1)(D).

cause by showing that disclosure will work a clearly defined and serious injury to the party seeking [the order]. The injury must be shown with specificity."[10] "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing."[11] The burden of establishing good cause falls on the moving party.[12]

Plaintiffs base their request for a protective order on two grounds: first, that any questioning of S.C. regarding the sexual assaults is irrelevant and, second, that any such questioning would retraumatize her. Neither argument justifies the imposition of a protective order at this time.

Regardless of whether collateral estoppel would prevent Responding Defendants from contesting the fact that S.C. was sexually assaulted, evidence regarding those assaults remains relevant to this case. Even assuming that collateral estoppel applies,[13] questions related to S.C.'s assaults remain, at a minimum, relevant to the issue of damages. Certainly, it may be necessary for Responding Defendants to question S.C. about the underlying events to help establish—or dispute—what harm she may have suffered, and also to establish whether there are any inconsistencies in her account of events, or inconsistencies between what she

---

[10] *E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir. 2010) (internal quotation marks omitted).
[11] *Id.* (internal quotation marks omitted).
[12] *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).
[13] Because no good cause warrants the issuance of a protective order, the Court declines to address at this time whether collateral estoppel may prevent Responding Defendants from contesting whether Singer sexually assaulted S.C.

says occurred and what she says she reported to Responding Defendants as having occurred. These are subjects that are reasonably calculated to lead to the discovery of relevant evidence, and such discovery must therefore be permitted.

As to Plaintiffs' second argument, it is unfortunate that S.C. will be subject to questioning that will undoubtedly be painful and difficult. However, such questioning is unavoidable at this stage of the proceedings. And even if the protective order were entered, Plaintiffs acknowledge that Responding Defendants would be permitted to question S.C. regarding any information that she conveyed to Responding Defendants relating to the sexual assaults or any other interactions that she had with Nathaniel Singer.[14] This is precisely the type of questioning involving the same type of information that Plaintiffs assert would retraumatize S.C. Consequently, it is clear that the proposed protective order would not have the effect of protecting S.C., and therefore good cause does not exist sufficient to warrant the imposition of such an order.

In sum, while there may be reasons to prohibit Responding Defendants from questioning S.C. regarding the sexual assaults, such questioning is important to Responding Defendants' ability to defend themselves, and is important to the issue of damages. A balancing of the equities therefore weighs in favor of permitting such questioning, and Plaintiffs' motion for a protective order will be denied.

---

[14] Doc. 75 at 4.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge