## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELLY CHINEA AND JULIA
CHINEA, as Parents and Natural
Guardians of S.C., a minor,

        Plaintiffs,

    v.

WOODWARD PENNSYLVANIA,
LLC F/K/A POWDR – WOODWARD
CAMPS, LLC, *et al.*,

        Defendants.

No. 4:22-CV-00134

(Chief Judge Brann)

## MEMORANDUM OPINION

### FEBRUARY 2, 2024

## I.  BACKGROUND

Plaintiffs Kelly Chinea and Julio Chinea filed this suit on behalf of their daughter, S.C., against Defendants Woodward Pennsylvania, LLC ("Woodward"), Brittany Shulman, and Nathaniel Singer. Pending before the Court is Woodward's and Shulman's Motion for an Extension of Time to Complete Discovery.[1] The Plaintiffs do not consent to this Motion.[2]

The Court originally entered a Case Management Order on January 26, 2023 that set a pretrial timeline;[3] since then, the Court has granted two unopposed

---

[1] *See* Doc. 88 (Motion for Extension of Time to Complete Discovery – December 27, 2023).
[2] *Id.*
[3] *See* Doc. 49 (Case Management Order – Jan. 26, 2023).

extensions to the discovery deadlines.[4] Woodward and Shulman currently request a third extension of the discovery deadline through March 19, 2024 and "a corresponding extension" of the expert report and dispositive motions deadlines.[5]

## II.   LAW

"Courts have a great deal of discretion when resolving discovery disputes."[6] "When exercising this discretion, the court must remain mindful that the 'Federal Rules are meant to be applied in such a way as to promote justice.'"[7] A district court's "discovery-related decisions 'will be disturbed only upon a showing of an abuse of this discretion.'"[8]

"To obtain an extension of a discovery deadline, a movant must show 'good cause' under" Federal Rule of Civil Procedure 16(b)(4), "which includes both an explanation of why more time is needed and a showing that the movant diligently

---

[4]   *See* Doc. 51 (Order Granting Motion for Extension of Time to Complete Discovery – April 19, 2023) and Doc. 77 (Order Granting Motion for Extension of Time to Complete Discovery – September 29, 2023).

[5]   *Id.* ¶ 24.

[6]   *NRA Grp., LLC v. Durenleau*, 340 F.R.D. 94, 97 (M.D. Pa. 2021) (citing *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 778 (3d Cir. 2000)).

[7]   *Knopick v. Downey*, No. 1:09-CV-1287, 2014 U.S. Dist. LEXIS 8202, at *5 (M.D. Pa. Jan. 23, 2014) (quoting *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)).

[8]   *Pa. State Univ. v. Keystone Alts. LLC*, No. 1:19-CV-02039, 2022 U.S. Dist. LEXIS 175286, at *10 (M.D. Pa. Sept. 27, 2022) (quoting *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987)).

sought the discovery she now seeks to secure beyond the deadline."[9] This "good cause inquiry focuses on the moving party's burden to show due diligence."[10]

## III. ANALYSIS

As posited by the Defendants, outstanding records requests, the scheduling of depositions shortly before the current discovery deadline, and the necessity of "additional discovery, in part, as a result of information learned at" the Plaintiffs' depositions warrant enlarging the discovery period.[11] The Court agrees that extending the discovery deadlines would "benefit the parties in allowing them to obtain all discovery necessary to support the claims and defenses in this matter."[12]

The due diligence inquiry begins with a look at the discovery that has occurred. Fifteen depositions were taken between May 2023 and December 21, 2023.[13] Two of S.C.'s therapists, a fellow camper, that camper's mother, and Defendant Singer were scheduled to be deposed before the discovery deadline as well.[14] Only the deposition of Brittany Gutzkow, a former Woodward employee,

---

[9]   *Garcia v. United States*, No. 3:17-CV-01910, 2022 U.S. Dist. LEXIS 241651, at *4 (M.D. Pa. Nov. 7, 2022) (quoting *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 221-22 (3d Cir. 2014)).

[10]  *Id.* (quoting *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)).

[11]  Doc. 89 (Defendants' Memorandum in Support of Motion for Extension of Time to Complete Discovery – December 27, 2023) at 5-6.

[12]  *Id.* at 6.

[13]  *Id.* at 2.

[14]  *See* Doc. 90 (Brief in Opposition to Motion for Extension of Time to Complete Discovery – December 27, 2023) at 4.

was not scheduled before the discovery deadline.[15] This steady progression suggests that the Defendants have acted diligently.

To oppose this Motion, the Plaintiffs contend that the Defendants were dilatory in subpoenaing S.C.'s providers, are "disingenuous" about needing additional discovery after Singer's deposition, obstructed the Plaintiffs' efforts to depose Gutzkow, and that they will suffer prejudice from any further delays.[16]

Although the Defendants waited eight months to subpoena the records of S.C.'s providers,[17] this oversimplifies the relevant circumstances. Plaintiff's counsel in fact took four months to provide a requested executed authorization for one provider.[18] That provider and two of S.C.'s therapists also initially failed to respond to executed authorizations sent by the Defendants.[19] Even after subpoenaing these therapists, service issues further delayed their access to their records and the scheduling of a deposition.[20] In light of these efforts, the Court believes that the Defendants have diligently pursued discovery with regard to S.C.'s providers.

---

[15]   *Id.*
[16]   *Id.* at 3-5.
[17]   *Id.* at 3.
[18]   *See* Doc. 82 (Motion for an Order for the Issuance of a Subpoena – December 6, 2023) ¶ 3.
[19]   *See id.* and Doc. 88 (Motion for Extension of Time to Complete Discovery – December 27, 2023) ¶ 9.
[20]   *Id.* ¶¶ 10-14.

The Plaintiffs next assert that any follow up discovery required by Singer's deposition is "disingenuous" because only the Plaintiffs sought to depose him.[21] The Court does not find this argument convincing; while the Defendants did not seek to depose Singer themselves, that does not mean that his deposition would not raise issues that require additional discovery.

As to the failure to promptly provide Gutzkow's last known address,[22] the Court agrees that this uncooperative behavior should not be viewed in the Defendants' favor. However, this issue alone does not warrant denying this Motion given the overall progress the parties have made.

Finally, the Plaintiffs state that they will suffer prejudice from any further delay of the discovery deadlines.[23] The Plaintiffs also anticipate that the "Defendants will further seek to delay the case by filing a baseless Motion for Summary Judgment."[24] Since the present request is not an abuse of the discovery process, the Plaintiffs will not suffer any prejudice from an extension of the deadlines. It is also inappropriate for the Court to speculate as to the merits of any future dispositive motions.

---

[21]   *See* Doc. 90 (Brief in Opposition to Motion for Extension of Time to Complete Discovery – December 27, 2023) at 4-5.
[22]   *Id.* at 4.
[23]   *Id.* at 4-5.
[24]   *Id.* at 5.

## IV.   CONCLUSION

Based on the discussion above, the Court concludes that the Defendants

have shown good cause to extend the discovery and pretrial deadlines.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge